IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CURTIS L. MARTIN                                                                                   PLAINTIFF

                v.                           Civil No. 03-1002

JAMES ROBINSON, Sheriff,
Ashley County, Arkansas; and
MARILYN SMITH, Chief Deputy,
Ashley County Sheriff's Office                                                              DEFENDANTS

## **ORDER**

On October 20, 2005, plaintiff's attorney Alvin Schay filed a motion to be relieved as counsel and for appointment of substitute counsel (Doc. 44). By order entered on November 2, 2005, the motion was referred to the undersigned (Doc. 45).

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. The plaintiff, Curtis L. Martin, contends he was denied adequate medical care during his incarceration at the Ashley County Jail. The period of incarceration at issue occurred from September 20, 2002, until Martin's transfer to the Arkansas Department of Correction on October 29, 2002.

Martin proceeds *in forma pauperis* (IFP). He filed this action on January 8, 2003, and was unrepresented until Alvin Schay entered an appearance on his behalf on May 6, 2005 (Doc. 39). An initial scheduling order was issued on June 16, 2005 (Doc. 40). The final scheduling order setting the case for jury trial during the week of April 3, 2006, was issued on September 6, 2005 (Doc. 43).

In his motion to be relieved as counsel, Schay advances two reasons the court should allow him to withdraw at this point. First, he indicates he has been appointed to represent five

Arkansas inmates under sentence of death. He asserts one of these cases is currently before the Court of Appeals for the Eighth Circuit in a critical posture. Specifically, he states he has filed a rehearing petition following a 2-1 panel decision denying relief. Because of the death penalty cases, Schay states he is unable to give Martin's case the attention it deserves. Second, Schay indicates that neither he nor the plaintiff can afford the costs of litigation, including an expert witness and deposition costs of the defendants and their witnesses.

Schay asks that the court appoint substitute counsel as this case appears to be meritorious and because appointed counsel can be reimbursed for expenses at the close of litigation.

The Rule 1.16 of the Arkansas Rules of Professional Conduct provides that "a lawyer may withdraw from representing a client if: withdrawal can be accomplished without material adverse effect on the interests of the client; [or] the representation will result in an unreasonable financial burden on the lawyer." Rule 1.16(b)(1) & (b)(6). The Rule further provides that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client [and] allowing time for employment of other counsel." Rule 1.1.6(d). This court has adopted these rules as the standards for professional conduct for the attorneys practicing before this court. Rule IV, Model Federal Rules of Disciplinary Enforcement (Appendix to the Local Rules for the Eastern and Western Districts of Arkansas).

Giving careful consideration to the provisions of Rule 1.16 and to the impact Schay's withdrawal will have on this case, the court believes the motion should not be summarily granted. This case was filed on January 8, 2003, and involves a period of incarceration in 2002. Any further delay in this case coming to trial would cause considerable prejudice not only to the

AO72A
(Rev. 8/82)

plaintiff but also to the defendants.

The court notes that Schay has not indicated in his motion what factors changed from the date he voluntarily entered an appearance in this case until he filed his motion to withdraw. Although Schay indicates he is involved in five death penalty cases, Schay does not indicate when these appointments took place or why his work load is so much greater today than it was in May when he entered his appearance. With respect to the cost of the litigation, as Schay's client was incarcerated when Schay accepted the case and proceeding IFP, the court does not believe there has been any change in the financial status of the plaintiff. Further, if Schay believes appointment as plaintiff's counsel is to Schay's advantage, he can ask the court to appoint him as counsel in this case.

For the reasons stated, the motion to be relieved as counsel and for the appointment of substitute counsel is denied. Once new counsel enters an appearance for the plaintiff, or Schay provides the court with the name, contact information, and statement from an attorney who is both willing to take the case and who reasonably believes he or she can be ready for trial as scheduled, the court will allow Schay to withdraw.

IT IS SO ORDERED this 9th day of November 2005.

/s/ Bobby E. Shepherd
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)